# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No:

DARRIN MOORE,

Plaintiff,

v.

CENTURYLINK EMPLOYEE BENEFITS COMMITTEE,
CENTURYLINK EXECUTIVE SEVERANCE PLAN,
CENTURY LINK, INC., a Delaware corporation, and
LUMEN EMPLOYEE BENEFITS COMMITTEE,

Defendants.

---

## COMPLAINT

---

Plaintiff complains as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Darrin Moore is a resident of Boulder County, Colorado.

2. Defendant CenturyLink, Inc. ("CenturyLink") is a Delaware corporation with a place of business in Colorado.

3. The CenturyLink Executive Severance Plan (the "Plan") is an employee benefit plan governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001 *et. seq.*

4. Defendant CenturyLink issued the Plan to its employees.

5. The CenturyLink Employee Benefits Committee is the Plan Administrator of the Plan.

6. The Lumen Employee Benefits Committee (the "Committee") is the successor in interest to, or the same entity as, the CenturyLink Employee Benefits Committee.

7. The Plan and the Committee made all relevant benefit eligibility determinations.

8. At all relevant times, Mr. Moore was an employee of CenturyLink.

9. At all relevant times, Mr. Moore was an Eligible Employee within the meaning of the Plan and a participant in the Plan.

10. This Court has jurisdiction over this action under 28 U.S.C. §1331 and 29 U.S.C. §1132(e)(1) of ERISA.

11. Venue is proper in the District of Colorado pursuant 29 U.S.C. §1132(e)(2), because the ERISA violations alleged in this Complaint occurred in the District of Colorado, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred within the District of Colorado, and because the Plan provides for venue in the District of Colorado.

**GENERAL ALLEGATIONS**

12. On or about February 7, 2020, Mr. Moore was involuntarily terminated by CenturyLink from his position as a Director, after over 10 years employment and satisfactory job performance.

13. The Plan provided for a severance benefit, in Mr. Moore's case, of two weeks of severance benefits per year of service, calculated using his base salary, and other benefits ("Full Severance Benefits"), unless he was deemed a lower performer entitled only to a Lower Performer Severance Benefit.

14. Directors entitled only to the Lower Performer Severance Benefit were those terminated for poor job performance, "such as missing sales targets or deficient leadership of their teams." The component of the Lower Performer Severance Benefit that was calculated using base salary was limited to eight weeks of base salary.

15. Upon his termination, Mr. Moore was offered only the Lower Performer Severance Benefit.

16. Mr. Moore was terminated for reasons other than poor job performance and was therefore entitled to the Full Severance Benefit.

17. Mr. Moore exhausted all remedies under the Plan.

18. The Plan and the Committee issued their final Decision on Appeal on December 1, 2020.

## CLAIM FOR RELIEF
(29 U.S.C. § 1132(a) – Denial of Benefits)

19. The foregoing allegations are realleged and incorporated by reference.

20. Mr. Moore properly made a claim for his Full Severance Benefits and is entitled to such benefits.

21. Defendants' denial of such severance benefits is and has been in derogation of Mr. Moore's rights by contract and pursuant to law.

22. The acts and omissions of Defendants were arbitrary, capricious, and an abuse of any discretion allowed, making Defendants liable for the damages, benefits and other remedies sought by Mr. Moore in this case.

23. Because the Plan and the Committee have the discretion to determine eligibility for benefits, they are in the role of fiduciaries of the Plan pursuant to 29 U.S.C. § 1002(21)(A).

24. The acts and omissions of Defendants described in this Complaint constitute procedural irregularities that are serious enough to reduce or eliminate the administrative discretion purportedly reserved to Defendants in the Plan. Specifically, and among other things, Defendants:

    a. failed to give Mr. Moore specific reasons why certain evidence provided by him was discounted or ignored by Defendants in their denial of his Full Severance Benefits;

    b. denied Mr. Moore severance benefits without conducting an adequate investigation of whether Mr. Moore was terminated for poor job performance within the meaning of the Plan; and

    c. failed to perform other acts which a reasonable, full and fair review of this claim requires under the circumstances of this case.

25. At all relevant times, Defendants had a significant financial interest in the decisions made as to whether Mr. Moore's termination was for poor job performance for the purposes of severance benefits.

26. Defendants have an inherent and actual conflict of interest in the claims administration process in this case, in that they investigated and determined the validity of Mr. Moore's claim and were also responsible for paying severance benefits, which reduces or eliminates the administrative discretion purportedly reserved to the Plan and the Committee under the Plan.

27. Mr. Moore is entitled to the Full Severance Benefit under 29 U.S.C. § 1132(a)(1)(B).

28. Alternatively, Mr. Moore is entitled to equitable relief under 29 U.S.C. § 1132(a)(3) because the Plan violated the provisions of ERISA in denying Mr. Moore his severance benefits and breaching its fiduciary duty to him.

29. Mr. Moore is entitled to receive the Full Severance Benefits denied to him by reason of Defendants' erroneously denying his severance benefits, prejudgment interest on all past-due benefits, and reasonable attorney fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

## PRAYER FOR RELIEF

Mr. Moore requests judgment in his favor and against Defendants for

A. a declaratory judgment that he is and has been entitled to his Full Severance Benefits under the Plan as an involuntarily terminated employee who was performing his job duties satisfactorily at the time of his termination;

B. a declaratory judgment that Defendants have breached their fiduciary duty to him;

C. all damages arising from Defendants' wrongful denial of his severance benefits;

D. attorneys' fees;

E. prejudgment and post-judgment interest;

F. costs; and

G. such other relief as the Court deems proper.

Dated:  December 1, 2021

            <u>*s/ David Lichtenstein*</u>
            David Lichtenstein
            Matt Molinaro
            Law Office of David Lichtenstein, LLC
            1556 Williams Street, Suite 100
            Denver, CO 80218-1661
            Telephone:  (303) 831-4750
            Facsimile:   (303) 863-0835
            dave@lichtensteinlaw.com
            matt@lichtensteinlaw.com
            *Attorneys for Plaintiff Darrin Moore*